IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

REGENA ROBINSON and
CAROL ROBINSON,

        *Plaintiffs*,

v.

KANSAS DEPARTMENT
OF CORRECTIONS, et al.

        *Defendants*.

Case No. 24-CV-4105-EFM-BGS

**MEMORANDUM AND ORDER**

    Before the Court is Plaintiffs' Second Motion for Temporary Restraining Order brought by Plaintiffs Carol Robinson and Regena Robinson (Doc. 16).[1] On November 5, 2024, the parties appeared before the Court via telephone for an oral hearing.

    During the hearing, the Court expressed concern that Plaintiffs' attorney could not defend her bases for including several factual assertions present in her Motion. As such, the Court denied the Motion and ruled as follows.

    The Court finds that Plaintiffs' attorney verges on abusing the judicial process by filing alarmist motions and applications without making any effort to independently verify the information.[2] The application for relief is based on misinformation, exaggeration, and speculation, entirely lacking factual support beyond her client's bare assertions.[3]

---

[1] The Court considers this Motion as Plaintiffs' third TRO request. *See* Docs. 2, 8.

[2] *See* Kan. R. Prof'l Conduct 1.1 cmt. 5 ("Competent handling of a particular matter includes *inquiry into* and analysis of *the factual* and legal *elements of the problem*, and use of methods and procedures meeting the standards of competent practitioners. It also includes *adequate preparation*." (emphasis added)).

[3] *See id.*

**IT IS THEREFORE ORDERED** that Plaintiffs' Second Motion for a Temporary Restraining Order (Doc. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that if Plaintiffs' attorney wishes to file any additional requests for injunctive relief, she must do so on an application verified under oath by Plaintiffs' attorney, and the application must contain affidavit(s) sworn under oath that support the factual allegations underlying future claims for injunctive relief.

**IT IS FURTHER ORDERED** that if the Court finds that Plaintiffs' attorney submits applications without those affidavits and verified complaints, the Court will deny the injunction.

**IT IS FURTHER ORDERED** that if Plaintiffs' attorney submits verified applications and affidavits, and the Court finds those affidavits to be false, then Plaintiffs' attorney or the affiant(s) will be subject to the penalties of filing false affidavits in court.

**IT IS SO ORDERED.**

Dated this 6th day of November, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE