IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

REGENA ROBINSON,

*Plaintiff,*

v.

CENTURION HEALTH, INC., et al.,

*Defendants*,

Case No. 24-cv-4105-EFM-BGS

**MEMORANDUM AND ORDER**

Plaintiff Regena Robinson brings suit against Defendants Centurion Health, Inc.; Centurion Health, LLC; Centurion of Kansas, LLC ("Centurion"); and Dona Hook, Warden of the Topeka Correctional Facility. Plaintiff asserts a medical negligence claim against Centurion, and she asserts a "deliberate indifference to serious medical needs in violation of the Eighth and Fourteenth Amendments" claim against Warden Hook. Both Defendants filed Motions to Dismiss (Docs. 44, 49). For the reasons stated in more detail below, the Court grants Defendant Hook's Motion to Dismiss. Because the Court grants Defendant Hook's Motion and dismisses the only federal claim in this lawsuit in which it has original jurisdiction, the Court denies Centurion's Motion as moot as the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim against Centurion.

## I.      Factual and Procedural Background[1]

Plaintiff is an inmate, currently in the custody of Kansas Department of Corrections ("KDOC"), at the Topeka Correctional Facility ("TCF"). Defendant Centurion provides medical care at the TCF. Around September 2023, Plaintiff began reporting to Centurion that she was having trouble breathing and was experiencing back pain. Plaintiff went to TCF's onsite medical facility with complaints of trouble breathing, back pain, dizziness, high blood pressure, and a metallic taste in her mouth. She was given Clonidine to lower her blood pressure and sent back to her room unmonitored. The medication did not bring down her blood pressure.

Plaintiff had to use a wheelchair, with someone else pushing, when going to the onsite medical facility because she was too weak to walk and was having trouble breathing. In April 2024, Plaintiff obtained an x-ray because of her continued back pain. Plaintiff alleges that Centurion claimed that the x-ray showed a possible fractured rib. In addition, she contends that she may have had an ultrasound.[2] Plaintiff alleges that Centurion claimed that she may have COVID, but they did not give her a COVID test.

Plaintiff's condition continued to worsen. On September 25, 2024, Plaintiff was having difficulty breathing, and Plaintiff's roommate wheeled her down to the medical facility. Plaintiff was then transported to the hospital after she was unable to breath and passed out. Upon arrival at the hospital, Plaintiff underwent surgery for a shunt for dialysis. She was diagnosed with Goodpasture Syndrome, a rare autoimmune disorder in which the body mistakenly makes antibodies that attack the lungs and kidneys.

---

[1] The facts in this section are taken from Plaintiff's Third Amended Complaint.

[2] Plaintiff alleges that she may have had an ultrasound and bloodwork, but she also alleges that her roommate disputes that Plaintiff was given an ultrasound and bloodwork.

Plaintiff was in the hospital from September 25, 2024, through October 29, 2024. She contends that she was not informed of, or provided access to, inmate grievance forms during her hospital stay. Plaintiff alleges that the lack of treatment led to the failure of her kidneys, severe damage to her lungs, being on a breathing machine, and the need for dialysis for the remainder of her life due to her kidneys' inability to function.

Plaintiff states that she is undergoing plasmapheresis to eradicate all the antibodies attacking her lungs and kidneys, but the treatment is not working. She also contends that her current treatment is the only treatment her doctors are aware of for Goodpasture Syndrome, and her doctors are unsure of what to do next because they have only treated one person with Goodpasture Syndrome.

Initially, Plaintiff filed suit on October 18, 2024, asserting three claims, against KDOC and Warden Hook (in both Hook's individual and official capacity).[3] She also sought a Temporary Restraining Order ("TRO"). Plaintiff filed an Amended Complaint on October 23, 2024, and a Renewed Motion for TRO. After an oral hearing, the Court granted in part and denied in part the TRO. Specifically, the Court noted that the parties stipulated that KDOC will provide Plaintiff access to her counsel and that Plaintiff would not be released from the hospital against medical advice. Six days later, Plaintiff filed another TRO (a third) seeking to restrain Defendants from not following the hospital's treatment plans. The Court denied it finding that it was based on misinformation and speculation.

---

[3] Plaintiff's mother, Carol Robinson, was previously a plaintiff in this case in the first two Complaints filed. Carol Robinson, however, is no longer a plaintiff because she was not included in the Second or Third Amended Complaints.

Approximately three months later, Plaintiff was granted leave to file a Second Amended Complaint. In the Second Amended Complaint, she removed KDOC as a party, and she included three Centurion Defendants. As to Defendant Warden Hook, Plaintiff asserted that she was suing Hook in her personal and official capacity. Several days later, Plaintiff stipulated to Hook's dismissal in her official capacity.

Defendant Hook then filed a Motion to Dismiss. Plaintiff sought and received several extensions of time to respond to the motion. The Centurion Defendants then filed a Motion to Dismiss. In response to the Motions to Dismiss, Plaintiff filed a Third Amended Complaint—the operative Complaint before the Court.

In the Third Amended Complaint, Plaintiff asserts one claim against Defendant Hook for deliberate indifference to her serious medical needs in violation of Plaintiff's Eighth and Fourteenth Amendment rights.[4] In addition, Plaintiff alleges a state law medical negligence claim against Centurion.[5] She claims that Centurion had a duty to provide Plaintiff with proper medical care and breached that duty by failing to diagnose Plaintiff's symptoms.

Defendants again seek dismissal. Defendant Hook asserts that Plaintiff fails to state a claim, that she is entitled to qualified immunity, and that Plaintiff fails to plead that she exhausted administrative remedies. Centurion argues that Plaintiff fails to state a claim and failed to exhaust

---

[4] The Court notes that on February 13, 2025, a stipulation of dismissal was filed dismissing Defendant Warden Hook in her official capacity. In Plaintiff's Third Amended Complaint, she continues to state that Hook is being sued in her personal and official capacity. The Court, however, will only construe Plaintiff's claim against Defendant Hook as one in her personal capacity due to the previous stipulation. Furthermore, the Court notes that a suit against a state official in their official capacity is in reality a suit against the state, and the doctrine of sovereign immunity under the Eleventh Amendment bars such an action. *Cox v. Zmuda*, 2023 WL 7279337, at *4 (D. Kan. Nov. 3, 2023) (citations omitted).

[5] Although Plaintiff included three Centurion Defendants in the Third Amended Complaint, Plaintiff now concedes that the only appropriate Centurion Defendant is Centurion of Kansas, LLC. *See* Doc. 51 at 1. Thus, the Court will refer to Centurion in the singular.

her administrative remedies. In the alternative, if Plaintiff's negligence claim survives, Centurion requests that the Court strike Paragraphs 10 and 11 and Plaintiff's prayer for attorneys' fees.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[6] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[7] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[8] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[9] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[10] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[11] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much

---

[6] Fed. R. Civ. P. 12(b)(6).

[7] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[9] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[10] *Iqbal*, 556 U.S. at 678–79.

[11] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[12]

## II. Analysis

### A. Defendant Hook's Motion to Dismiss

Plaintiff alleges that Defendant Hook was deliberately indifferent to her serious medical needs in violation of the Eighth and Fourteenth Amendments.[13] Defendant contends that Plaintiff's claim should be dismissed because (1) Plaintiff's "upon information and belief" allegations lack additional factual support, (2) Plaintiff cannot establish supervisory liability without an underlying constitutional violation, (3) Defendant is entitled to qualified immunity, and (4) Plaintiff failed to plead that she exhausted her administrative remedies. The Court will primarily address Defendant's second argument as Plaintiff's failure to allege a constitutional violation is dispositive.

"[F]or liability to arise under [42 U.S.C.] § 1983,[14] a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established."[15] "Section

---

[12] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[13] Hook contends that only the Eighth Amendment applies because Plaintiff is incarcerated and not a pretrial detainee. *See Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1136 (10th Cir. 2023) (noting that the deliberate indifference standard to a plaintiff's serious medical needs applies to pretrial detainees through the Fourteenth Amendment). Plaintiff does not allege that any of the events occurred as a pretrial detainee, so the Eighth Amendment applies to her claim. Plaintiff also does not assert any independent Fourteenth Amendment claims, so it appears Plaintiff is simply an asserting an Eighth Amendment claim, incorporated to the states through the Fourteenth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 101 (1976) (stating that "[t]he gravamen of respondent's § 1983 complaint is that petitioners have subjected him to cruel and unusual punishment in violation of the Eighth Amendment, made applicable to the States by the Fourteenth.") (citing *Robinson v. California*, 370 U.S. 660 (1962)). Regardless, the Eighth Amendment is the standard for Plaintiff's claim.

[14] Plaintiff does not reference § 1983 in her Complaint, but § 1983 is the legal avenue for which to file her constitutional claim. *See* 42 U.S.C. § 1983 (stating that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."). Plaintiff does reference § 1983 law in her briefing.

[15] *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006) (citation omitted).

1983 does not authorize respondeat superior liability for a supervisor based solely on the actions of his subordinates."[16] Instead, "the plaintiff must establish a deliberate, intentional act on the part of the defendant to violate the plaintiff's legal rights."[17]

Plaintiff contends that she alleges Hook's personal involvement in a constitutional violation by relying on one allegation in her Third Amended Complaint. Specifically, she directs the Court to the allegation that "upon information and belief, Defendant Hook knew or should have known about Plaintiff's medical condition as Plaintiff and/or Plaintiff's family made complaints to Defendant Hook and nothing was done." Yet, Plaintiff does not set forth any specific facts supporting this allegation. And she does not set forth any other factual allegations regarding Defendant Hook's personal knowledge or direct involvement with Plaintiff's medical care or any constitutional violation relating to Plaintiff's medical care. "Allegations of the type that defendants 'failed to properly supervise . . . staff and [did] nothing after learning of [the complained-of action]' are unacceptable 'naked assertions devoid of further factual enhancement.'"[18] Because Plaintiff's Third Amended Complaint lacks factual allegations regarding Hook's personal participation in any constitutional violation, she fails to set forth a claim for direct involvement.

In addition, "when a plaintiff sues an official under . . . § 1983 for conduct 'arising from his or her superintendent responsibilities,' the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of

---

[16] *Burke v. Regalado*, 935 F.3d 960, 997 (10th Cir. 2019).

[17] *Porro v. Barnes*, 624 F.3d 1322, 1327–28 (10th Cir. 2010) (quotations marks, citations, and alterations omitted).

[18] *Owens v. Finney Cnty., Kan.*, 2020 WL 1492878, at *9 (D. Kan. Mar. 27, 2020) (quoting *Peterson v. Creany*, 680 F. App'x 692, 696 (10th Cir. 2017)).

his own conduct and state of mind did so as well."[19] "Absent an underlying constitutional violation, plaintiffs cannot assert a supervisory liability claim."[20] And "the plaintiff must demonstrate an affirmative link between the supervisor and the violation."[21] A supervisor may be liable if "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."[22]

Defendant contends that Plaintiff's allegations fail to state a claim for supervisory liability because she does not allege an underlying constitutional violation. Plaintiff argues that Centurion was a subordinate, and its actions/inactions are sufficient to form a basis for a § 1983 claim. Furthermore, she contends that Centurion's knowledge of Plaintiff's conditions and refusal to provide medical care is a constitutional violation. Although Plaintiff makes these assertions in her briefing, her Third Amended Complaint alleges otherwise.

First, Plaintiff does not allege that *any* subordinate of Defendant Hook's violated Plaintiff's constitutional rights. In fact, there are no allegations as to whom Defendant Hook's subordinates are. And although Plaintiff states in her briefing that Centurion was a subordinate, she does not allege this fact in her Third Amended Complaint. Thus, because she does not set forth any facts relating to Hook's subordinates, she does not allege a constitutional violation by a subordinate.

---

[19] *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).

[20] *Bruner-McMahon v. Hinshaw*, 846 F. Supp. 2d 1177, 1207 (D. Kan. 2012) (citing *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008)).

[21] *Dodds*, 614 F.3d at 1195 (internal quotation marks and citation omitted).

[22] *Id.* at 1199.

In addition, to the extent Centurion could be considered a subordinate to Hook (although not alleged to be), Plaintiff does not allege a constitutional claim against Centurion. The only reference to a constitutional claim is against Hook. As to Defendant Centurion, she specifically asserts a claim for medical negligence. "Prison officials violate the Eighth Amendment when they are deliberately indifferent to an inmate's serious medical needs."[23] "The test for deliberate indifference includes both an objective and a subjective component."[24] And "[t]his standard is not satisfied by proof of negligence or constructive notice of medical need."[25] Allegations of negligence "do not approach the 'deliberate indifference to serious medical needs' that constitutes an Eighth Amendment violation."[26] "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."[27] Thus, because Plaintiff only alleges that Centurion was negligent, Plaintiff fails to allege an underlying constitutional violation.

To the extent Plaintiff alleges that Defendant Hook failed to train medical staff, properly supervise medical staff, or put in proper policies and procedures regarding medical staff, her allegations also fail. Other than these conclusory allegations, Plaintiff does not set forth any

---

[23] *Bruner-McMahon*, 846 F. Supp. 2d at 1199 (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)) (further citations omitted).

[24] *Id.* (citing *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).

[25] *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

[26] *Viveros v. Sumner Cnty. Det. Ctr.*, 2021 WL 4453578, at *3 (D. Kan. Sept. 29, 2021) (citing *Estelle*, 429 U.S. at 104).

[27] *Estelle*, 429 U.S. at 106; *see also Burke*, 935 F.3d at 992 ("A medical professional's accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition do not constitute a medical wrong under the Eighth Amendment.") (internal quotation marks and citations omitted).

allegations as to what policies or procedures regarding medical treatment of inmates were in place. She does not allege any deficiencies in these policies or procedures. She does not set forth any allegations regarding training/supervision or lack of training/supervision. Instead, she simply conclusorily states that there was a failure to train or properly supervise.

Furthermore, Plaintiff fails to allege the requisite "state of mind required to establish the alleged constitutional deprivation."[28] An Eighth Amendment claim for supervisory liability requires allegations that the supervisor "acted knowingly or with deliberate indifference that a constitutional violation would occur."[29] Other than conclusory allegations, Plaintiff fails to allege that Hook was aware of any deficiencies in policies, procedures, training, or supervision.[30] In addition, Plaintiff does not allege that Hook created, promulgated, or implemented any of the policies. Accordingly, Plaintiff fails to allege that any subordinate committed a constitutional violation.

In sum, Plaintiff fails to allege any direct liability on behalf of Hook in a constitutional violation and fails to allege that any subordinate committed a constitutional violation. Thus, Plaintiff fails to state a claim against Hook. Accordingly, the Court grants Defendant Hook's Motion to Dismiss.

---

[28] *Dodds*, 614 F.3d at 1199.

[29] *Bruner-McMahon*, 846 F. Supp. 2d at 1208.

[30] *See Cheatham v. Howes*, 2025 WL 1784928, at *8 (D. Kan. June 27, 2025) (finding a conclusory allegation that the warden failed to train subordinates insufficient to adequately allege personal involvement in the constitutional violation and thus that the plaintiff failed to state a claim) (citing *Iqbal*, 556 U.S. at 676).

B.     **Defendant Centurion Health's Motion to Dismiss**

Plaintiff brings a state law medical negligence claim against Centurion alleging that Centurion breached its duty of providing proper medical care to Plaintiff by failing to diagnose Plaintiff's symptoms. Centurion asserts that the claim should be dismissed because Plaintiff did not plead that she exhausted her administrative remedies under Kansas regulations. Plaintiff does not dispute that she did not exhaust her administrative remedies. Instead, she alleges that she was not given access to inmate grievance forms and was not informed of the grievance process during her hospital stay. Thus, she argues that she was not required to exhaust her administrative remedies. She also asserts that she does not need to plead exhaustion in her complaint.

Before addressing the substantive arguments, the Court considers whether it has subject matter jurisdiction. Plaintiff's only remaining claim in this case is a state law medical negligence claim. Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction over a state law claim if it has "dismissed all claims over which it has original jurisdiction."[31] Supplemental jurisdiction "is exercised on a discretionary basis, keeping in mind considerations of judicial economy, convenience and fairness to the litigants."[32] "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary."[33]

---

[31] 28 U.S.C. § 1367(c)(3).

[32] *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997).

[33] *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995) (quoting *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990)).

This case remains at the pleading stage, and discovery has not commenced. In addition, there is no compelling reason for this Court to address Plaintiff's medical negligence claim. Because there are no remaining federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim against Centurion. Thus, the Court dismisses it without prejudice.

**IT IS THEREFORE ORDERED** that Defendant Hook's Motion to Dismiss (Doc. 49) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Centurion Health's Motion to Dismiss (Doc. 44) is **DENIED AS MOOT**. The Court instead declines to exercise supplemental jurisdiction over Plaintiff's state law claim against Centurion and therefore dismisses it for lack of jurisdiction.

**IT IS SO ORDERED**.

This case is closed.

Dated this 25th day of September, 2025.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE